UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JED B. IVERSON, Individually
and on behalf of all similarly
situated individuals,

        Plaintiff,

v.                                  CASE NO. 3:18-cv-867-J-39JBT

ADVANCED DISPOSAL SERVICES,
INC., etc., et al.,

        Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court on Defendants' Amended Motion for
Leave to File Under Seal ("Motion") (Doc. 103). For the reasons set forth
herein, the Motion is due to be **GRANTED**.

### I.    Standard

The public has a "common-law right of access to judicial proceedings,"
which "includes the right to inspect and copy public records and documents."
*Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007) (quotations
omitted). "Material filed in connection with any substantive pretrial motion,
unrelated to discovery, is subject to the common law right of access." *Id.*

However, "[t]he common law right of access may be overcome by a
showing of good cause, which requires balanc[ing] the asserted right of access
against the other party's interest in keeping the information confidential." *Id.* at

1246 (quotations omitted) (listing the factors to be considered in balancing these interests). Even in the absence of a third party challenging the protection of information, the Court, as "the primary representative of the public interest in the judicial process," is duty bound "to review any request to seal the record (or part of it) [and] may not rubber stamp a stipulation to seal the record." *Estate of Martin Luther King, Jr., Inc. v. CBS, Inc.*, 184 F. Supp. 2d 1353, 1363 (N.D. Ga. 2002).

## II.    Analysis

Defendants seek to have the following information supporting their response to Plaintiff's amended motion for class certification and their forthcoming motion to strike expert testimony filed under seal: (1) Exhibits 1–32 of the Declaration of Steven Bauer; (2) Exhibits 33–80 of the Declaration of Steven Bauer; (3) Exhibits C, D and E to the Expert Rebuttal Report of Jan Kostyun dated June 18, 2020 [Kostyun Report]; (4) Exhibits 6.2 and 17 to the Deposition of Steven Bauer; (5) Exhibit 6 of the Deposition of George Tudor; (6) Exhibit 1 to Defendants' Amended Responses and Objections to Plaintiff's Second Set of Discovery Requests to Defendants; and (7) Exhibit 1 to Defendants' Amended Responses and Objections to Plaintiff's Third Set of Discovery Requests to Defendants. (Doc. 103 at 6–7.) Defendants state that the subject information "contain[s] the private and sensitive information of Defendants' customers and reflect[s] Defendants' confidential business

information . . . ." (*Id.* at 5–6.)

Although this information may be subject to the common law right of access, Defendants have shown good cause to have the Court seal the information. Moreover, Defendants' interest in preserving the confidentiality of the information outweighs any interest the public may have in this information. *See Romero*, 480 F.3d at 1246 ("A party's privacy . . . interest in information sometimes overcomes the interest of the public in accessing the information."). *See also Patent Asset Licensing, LLC v. Bright House Networks, LLC*, Case No. 3:15-cv-742-J-32MCR, 2016 WL 2991057 (M.D. Fla. May 24, 2016) (permitting a party to file confidential business information under seal); *Bastian v. United Servs. Auto. Assoc.*, Case No. 3:13-cv-1454-J-32MCR, 2014 WL 6908430 (M.D. Fla. Dec. 8, 2014) (same). Therefore, good cause exists to seal the subject information until further order of the Court. *See* M.D. Fla. R. 1.09(c). Additionally, in light of Defendants' representations regarding the subject information, there appears to be no less restrictive method available to protect it.

Accordingly, it is **ORDERED**:

1. The Motion (**Doc. 103**) is **GRANTED**.

2. **On or before July 16, 2020**, Defendants shall submit, via flash drives or compact discs as set forth in the Motion, the following information to be filed **under seal**: 1) Exhibits 1–32 of the Declaration of Steven Bauer; (2) Exhibits 33–80 of the Declaration of Steven Bauer; (3) Exhibits C, D and E to the Expert

Rebuttal Report of Jan Kostyun dated June 18, 2020 [Kostyun Report]; (4) Exhibits 6.2 and 17 to the Deposition of Steven Bauer; (5) Exhibit 6 of the Deposition of George Tudor; (6) Exhibit 1 to Defendants' Amended Responses and Objections to Plaintiff's Second Set of Discovery Requests to Defendants; and (7) Exhibit 1 to Defendants' Amended Responses and Objections to Plaintiff's Third Set of Discovery Requests to Defendants. This information shall remain under seal until further order of the Court.

**DONE AND ORDERED** at Jacksonville, Florida on July 2, 2020.

JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

Counsel of Record