# APPENDIX 1

## SETTLEMENT AGREEMENT AND RELEASE

### I.   PREAMBLE

1.      This Settlement Agreement is made and entered into as of the dates of Execution set forth below, by and among (1) Plaintiff Jed Iverson, individually and on behalf of the Settlement Class, (2) Settlement Class Members, (3) Advanced Disposal Services, Inc. and Advanced Disposal Services Solid Waste Midwest, LLC.

### II.   DEFINITIONS

1.      "*Action*" means the pending action styled *Iverson, individually and on behalf of all others similarly situated v. Advanced Disposal Services, Inc., et. al.*, United States District Court for the Middle District of Florida, Case No. 3:18-cv-00867-BJD-JRK.

2.      "*Agreement*" means this Settlement Agreement and Release.

3.      "*Approved Claims*" means claims that have been timely submitted by class members to the Claims Administrator and approved for payment.

4.      "*Attorneys' Fees and Litigation Expenses*" means the attorneys' fees and litigation expenses to be requested by Class Counsel subject to Court approval in accordance with this Agreement to be paid out of the "Settlement Funds."

5.      "*CAFA Notice*" refers to the notice requirements imposed by 28 U.S.C. § 1715(b).

6.      "*Claim*" or "*Claim Form*" means the claim form to be submitted by Settlement Class Members in order to receive a Settlement Award pursuant to this Agreement, subject to approval by the Court, substantially in the form attached hereto as Exhibit 1.

7.      "*Claimant*" means any Settlement Class Member who submits a Claim.

8.      "*Claims Administrator*" means Kurtzman, Carson Consultants, LCC ("KCC"), subject to approval by the Court.  The Claims Administrator shall be responsible for providing the class Notice as well as services related to administration of the Settlement.

9.      "*Claim Filing/Objection Deadline*" means the period of time in which a Settlement Class Member must submit a Claim Form to be eligible to receive a Settlement Award as part of the Settlement, or any objection to the Settlement.

10.      "*Class Counsel*" means Keith Keogh and Michael Hilicki of Keogh Law, Ltd., Christopher Martineau and Christopher Johnson of Johnston|Martineau, P.L.L.P., and Max Story of Max Story Law.

11.      "*Class List*" means the list of approximately 27,364 unique cellular telephone numbers Defendants shall produce to Class Counsel contemporaneous with the Execution of this agreement, along with the full name, address, and email information of the person or customer to which each such phone number belongs, according to Defendants' records.

12.     "*Class Period*" means the period from July 11, 2014 through the date of class certification.

13.     "*Court*" means the United States District Court for the Middle District of Florida, Jacksonville Division.

14.     "*Defendants*" means collectively Advanced Disposal Services, Inc. and Advanced Disposal Services Solid Waste Midwest, LLC.

15.     "*Execution*" means the signing of this Agreement by all signatories hereto.

16.     "*Final Approval Hearing*" means the hearing during which the Court considers the Parties' request to enter the Final Approval Order granting final approval of the Settlement and to determine the amount of Attorneys' Fees and Litigation Expenses awarded to Class Counsel and the amount of any Settlement Class Representative Incentive Payment, if allowed by the Eleventh Circuit.

17.     "*Final Approval Order*" means the final judgment and order of dismissal approving the Settlement and dismissing the Action with prejudice, which the parties agree to propose in the form attached hereto as Exhibit 2. "Final Approval" occurs on the date that the Court enters the Final Approval Order.

18.     "*Notice*" means the notices of proposed class action settlement that the Parties will ask the Court to approve in connection with the motion for Preliminary Approval of the Settlement, substantially in the form attached hereto as Exhibit 3.

19.     "*Notice and Administration Costs*" means any and all costs associated with Claims administration and administering the Settlement, including, but not limited to, mailing costs, printing costs, taxes and tax-related expenses incurred by or in connection with handling the Settlement Funds, all costs of providing notice to the Settlement Class (including, but not limited to, costs for obtaining contact information for the members of the Settlement Class via subpoena or otherwise), costs for creating the Notice, Website Notice, and any different or additional notice that might be ordered by the Court, the cost of maintaining a designated post office box and/or operating the Settlement Website for receiving Claim Forms, and any other costs associated with administering the Settlement.

20.     "*Notice Deadline*" means the date the Court sets for Notice to be provided to the Settlement Class in accordance with the Agreement.  The Parties agree to propose the Notice Deadline be 14 days following the entry of the Preliminary Approval Order, unless extended by the Court.

21.     "*Opt-Out Request*" means a request by a Settlement Class Member to exclude himself or herself from the Settlement Class using the procedures set forth in this Agreement.

22.     "*Opt-Out Period*" means the period that begins the day after the earliest date on which the Notice is first sent, and ends 60 days after mailing of the Notices to putative class members, or such other date as the Court determines. The deadline for the Opt-Out Period will be specified in the Notice.

23. "*Parties*" means Plaintiff, Advanced Disposal Services, Inc. and Advanced Disposal Services Solid Waste Midwest, LLC.

24. "*Plaintiff*" means Jed Iverson.

25. "*Preliminary Approval Order*" means the order certifying the Settlement Class and preliminarily approving the Settlement, which the parties agreed to propose in the form attached as <u>Exhibit 4</u>. "Preliminary Approval" occurs on the date the Court enters the Preliminary Approval Order.

26. "*Release*" means the release contained in this Agreement.

27. "*Released Claims*" means all claims to be released as set forth in the Release.

28. "*Released Parties*" means and refers to the Defendants, and their subsidiaries, parent companies, affiliates, agents, vendors, predecessors in interest and/or ownership, successors in interest and/or ownership, licensees, assignees, insurers, and each of the foregoing's respective past, present, and future officers, directors, attorneys, shareholders, predecessors, successors, and insurers.

29. "*Releasing Settlement Class Members*" means Plaintiff and all Settlement Class Members, other than those who submit timely and proper Out-Out Requests, and each of their respective executors, representatives, heirs, spouse, partners, predecessors, assigns, beneficiaries, successors, bankruptcy trustees, agents, attorneys, and all those who claim through them or on their behalf, and, if relevant, any co-signer, co-buyer or co-borrower or guarantors.

30. "*Settlement*" means the compromise and settlement of the Action as contemplated by this Agreement.

31. "*Settlement Award*" means a cash payment that may be available to eligible Settlement Class Members who submit an Approved Claim pursuant to this Agreement.

32. "*Settlement Class*" means the individuals defined and identified as follows:

The owners of the 27,364 unique cellular telephone numbers: (1) Defendants obtained from a third party, according to its TRUX records, (2) with whom there is no contract listed in its TRUX records, and (3) who were called to collect a debt via ADS's Five9 system between March 1, 2016and Nov 20, 2020 using a pre-recorded voice message, according to Defendants' Five9 records.

The following are excluded from the Settlement Class: (1) the district and magistrate judges presiding over this case; (2) the judges of the Eleventh Circuit; (3) the immediate families of the preceding person(s); (4) any Released Party; (5) any Settlement Class Member who timely opts out of this Action; and (6) Class Counsel, their employees, and their immediate families.

33. "*Settlement Class Members*" means the Settlement Class Representative and all members of the Settlement Class.

34.    "*Settlement Class Representative*" means Jed Iverson, who is the Plaintiff in the Action, and who is also the person who Class Counsel shall request to be appointed by the Court as Class Representative for purposes of the Settlement Class.  Plaintiff is also a member of the Settlement Class.

35.    "*Settlement Class Representative Incentive Payment*" means the additional amount Plaintiff may request he be paid as Class Representative under this Agreement, subject to Eleventh Circuit allowing such payment.

36.    "*Settlement Effective Date*" means the business day after the last of the following occurrences:

   A.  Expiration of the date to appeal entry of the Final Approval Order with no appeal or other judicial review having been taken or sought; or

   B.  If an appeal or other judicial review has been taken or sought, the latest of: (i) the date the Final Approval Order is finally affirmed by an appellate court with no possibility of subsequent appeal or other judicial review; or (ii) the date the appeal(s) or other judicial review therefrom are finally dismissed with no possibility of subsequent appeal or other judicial review; or (iii) if remanded to the District Court or to a lower appellate court following an appeal or other review, the date the Final Approval Order is entered by the District Court after remand and the time to appeal or seek other judicial review of the entry of that Final Approval Order has expired with no further appeal or other judicial review having been taken or sought. If further appeal is sought after a remand, the time periods in this Sub-Section shall apply.

37.    "*Settlement Costs*" means all costs incurred by Plaintiff, Class Counsel, and the Claims Administrator in connection with the Action, including but not limited to (i) the Attorneys' Fees and Litigation Expenses approved by the Court; (ii) any Settlement Class Representative Incentive Payment approved by the Court; (iii) Notice and Administration Costs; and (iv) the fees, expenses, and all other costs of the Claims Administrator.

38.    "*Settlement Funds*" means the $3,500,000.00 cash to be provided by Defendants pursuant to this Agreement, for purposes of paying Approved Claims and Settlement Costs, as the foregoing are defined herein.

39.    "*Settlement Website*" means the website created and managed by the Claims Administrator which will provide Settlement Class Members with access to the Notice, the online Claim Form, and other information regarding the Settlement.

40.    "*TCPA*" means the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*., and any regulations promulgated under it.

41.    "**Website Notice**" means the website notice provided pursuant to this Agreement, substantially in the form attached hereto as Exhibit 5.  The Website Notice will be posted on the "Settlement Website."

Capitalized terms used in this Agreement but not defined above shall have the meaning ascribed to them in this Agreement, including the attached exhibits.

## III.    RECITALS

1.    Plaintiff filed the Action on behalf of himself and on behalf of the putative class alleging that Defendants violated the TCPA by calling him on his cell phone without prior express consent.

2.    On December 15, 2020, pursuant to the Court's scheduling order, the Parties participated in private mediation with the Honorable Morton Denlow of JAMS. *See* ECF No. 142. The parties did not resolve the Action that day, but continued to negotiate with Judge Denlow's assistance, ultimately reaching this Agreement in March, 2021.

3.    Plaintiff and Class Counsel believe this Action is meritorious. Class Counsel thoroughly investigated the case and diligently pursued Plaintiff's and the Settlement Class Members' claims against Defendants, including, but not limited to: (i) conducting written discovery; (ii) conducting third-party discovery; (iii) obtaining and analyzing relevant documents and class data; (iv) researching the applicable law and the potential defenses; (v) conducting fact depositions; (vi) conducting full expert discovery; (vii) identifying and obtaining witness statement(s) (viii) defeating Defendants' motion to strike the class allegations; (ix) fully briefing class certification; (x) fully briefing Defendants' summary judgment motion, and (xi) otherwise preparing for trial. Based on their full, independent investigation and evaluation, Class Counsel are of the opinion that the Settlement is fair, reasonable, adequate, and in the best interest of the Settlement Class Members in light of all known facts and circumstances, including the risk of significant delay, the defenses raised by Defendants, class certification risk, summary judgment risk, the risk associated with potential changes in the applicable law, trial risk and appellate risk.

4.    Defendants deny any liability or wrongdoing of any kind associated with the claims alleged, and assert their actions comply with all applicable provisions of federal and state law, that in any event they are not liable for any of the claims asserted. Defendants also continue to assert the Action fails to meet the prerequisites necessary for class action treatment under applicable law but, despite this belief, they will not oppose certification of the Settlement Class contemplated by this Agreement solely for purposes of effectuating this Settlement. Other than for purposes of this Settlement, Defendants do not waive their objections to certification of the Settlement Class.

5.    The parties contemplate that entry of the Final Approval Order shall dismiss with prejudice Plaintiff's and the Settlement Class Members claims against Defendants, with the exception of claims of Settlement Class Members who properly exclude themselves from the Settlement, if any, in accordance with the Opt-Out Process described in Section IX of this Agreement. Defendants shall retain any existing defenses to such excluded claims. The Parties agree to cooperate in good faith and take all steps reasonable and appropriate to obtain preliminary and final approval of this Settlement, and to effectuate its terms.

6.    Each of these Recitals is incorporated into this Agreement as if fully set forth herein.

## IV.    CERTIFICATION OF THE SETTLEMENT CLASS

1.    The Settlement contemplates Plaintiff will move for an order granting certification of the Settlement Class. The Parties agree certification of the Settlement Class is conditional and for settlement purposes only.  This Settlement further contemplates, and all counsel, Parties and Released Parties agree that none of the Released Parties are admitting that class certification is appropriate, or that any violation of any state, federal or local statute or common law occurred, or that any damages were suffered by Plaintiff or any putative class member.  The Released Parties retain their rights to object to certification of this Action, or any other class action, should the Settlement ultimately not receive final approval.

2.    If the Court does not grant final approval of the Settlement, or if final approval is granted but ultimately reversed on appeal, or if the Settlement Effective Date does not occur, the certification of the Settlement Class for settlement purposes shall be deemed null and void, and each Party, and Released Party, shall retain all of their respective rights as they existed prior to Execution of this Agreement, and neither this Settlement Agreement, nor any of its accompanying exhibits or any orders entered by the Court in connection with this Settlement Agreement, may be admissible or used for any purpose in this Action, or any other action against any of the Released Parties. Certification of the Settlement Class for settlement purposes is in no way an admission by the Released Parties that class certification is proper.

## V.    SETTLEMENT CLASS

1.    The owners of the 27,364 unique cellular telephone numbers: (1) Defendants obtained from a third party, according to its TRUX records, (2) with whom there is no contract listed in its TRUX records, and (3) who were called to collect a debt via ADS's Five9 system between March 1, 2016 and Nov 20, 2020 using a pre-recorded voice message, according to Defendants' Five9 records.

The following are excluded from the Settlement Class: (1) the district and magistrate judges presiding over this case; (2) the judges of the Eleventh Circuit; (3) the immediate families of the preceding person(s); (4) any Released Party; (5) any Settlement Class Member who timely opts out of this Action; and (6) Class Counsel, their employees, and their immediate families.

## VI.    TERMS OF SETTLEMENT

1.    ***Settlement Funds.***  Subject to the other terms and conditions of this Agreement, and subject to Court approval, Defendants agree to pay total Settlement Funds of THREE MILLION FIVE HUNDRED THOUSAND DOLLARS ($3,500,000.00) to settle the Action with the Settlement Class pursuant to this Agreement. These Settlement Funds will be used to pay Approved Claims and Settlement Costs, as described in this Agreement. Settlement Class Members will be eligible for a cash payment, the amount of which depends upon the number of Approved Claims and Settlement Costs. In no event will Defendants' payment obligations exceed the Settlement Funds. The Settlement contemplates the Settlement Funds shall be used to pay Approved Claims and Settlement Costs, except as provided below.

2.      ***Notice and Administration Costs***.  Notice and Administration Costs shall be paid from the Settlement Funds, and from no other source. The Parties shall be jointly responsible for supervising the Claims Administrator.

3.      ***Attorneys' Fees and Litigation Expenses***.  Attorneys' Fees and Litigation Expenses approved by the Court shall be paid from the Settlement Funds, and from no other source. Class Counsel shall apply to the Court for an award of reasonable Attorneys' Fees and Litigation Expenses. The Claims Administrator shall pay to Class Counsel the amount of the Attorneys' Fees and Litigation Expenses awarded by the Court, as directed by Class Counsel. In the event the Court does not approve the award of Attorneys' Fees and Litigation Expenses requested by Class Counsel, or the Court awards Attorneys' Fees and Litigation Expenses in an amount less than that requested by Class Counsel, such decision shall not affect the validity and enforceability of the Settlement. Plaintiff and Class Counsel retain their right to appeal any decision by the Court regarding the award of Attorneys' Fees and Litigation Expenses.

4.      ***Settlement Class Representative Incentive Payment***.  Subject to the law of the Eleventh Circuit, any Settlement Class Representative Incentive Payment shall be paid from the Settlement Funds, and from no other source. Plaintiff may apply to the Court for a Settlement Class Representative Incentive Payment for the Settlement Class Representative (in addition to any *pro rata* distribution he may receive under this Agreement). The Claims Administrator shall pay Plaintiff, c/o Class Counsel, the amount of incentive payment awarded by the Court. The denial by the Court of any such application shall not affect the validity and enforceability of the Settlement. Plaintiff retains his right to appeal any decision by the Court regarding the application.

5.      ***Settlement Award to Settlement Class Members***.  The Claims Administrator will manage the claims process in cooperation with Class Counsel and Defendants, and in accordance with this Agreement. All Settlement Class Members will be entitled to make a Claim upon the Settlement Funds for a Settlement Award, which shall be paid by check or electronic deposit, as set forth in this Agreement. Each Settlement Class Member may make a Claim, regardless of the number of calls the Settlement Class Member received or how many mobile telephone numbers at which Defendants allegedly called the Settlement Class Member.  Each Settlement Class Member who submits an Approved Claim shall be awarded a *pro rata* share of the Settlement Funds after Settlement Costs are deducted. To obtain a Settlement Award, the Settlement Class Member must submit a valid and timely Claim Form containing (1) either a valid Claim ID or a telephone number on the Class List; (2) for mailed Claim Forms, the Settlement Class Member's signature and affirmation that all information contained in the Claim Form is true and accurate; (3) for Claim Forms submitted via the Settlement Website, the Settlement Class Member's electronic signature and affirmation that all information contained in the Claim Form is true and accurate; and (4) for Claim Forms submitted via 800 number, an affirmation that by pressing "1" all information recited after the Claim ID is entered is true and accurate. To be deemed timely, Claim Forms must be submitted via the Settlement Website, 800 number, or postmarked no later than the Claim Filing/Objection Deadline. For any incomplete claim form, the Claims Administrator will contact the claimant and request that the claimant complete or cure any omissions on the claim form as long as the claim was timely made.

## VII.   NOTICE TO THE CLASS

1.    Within 14 days of the Execution of this Agreement by both parties, Defendants shall produce the Class List to Class Counsel.

2.    The Claims Administrator shall implement the notice program, as set forth in this Section and directed by the Court. The Claims Administrator shall, by the Notice Deadline, provide:

A. ***Notice.*** The Class Administrator shall provide direct notice via First Class Mail with a reminder notice via email to Settlement Class Members for whom it has contact information. Notice shall be by way of a postcard (or pdf. version of the same for email) and shall contain a claim ID and shall direct recipients to the Settlement Website. Prior to mailing the Notice, the Claims Administrator shall search for updated addresses via the USPS national change of address database, and provide mail Notice to persons whose email addresses are invalid or no longer functioning. The Claims Administrator shall re-mail once any Notice returned as undeliverable and for which an alternative address can be located, and undertake reasonable means to locate alternative addresses for returned notices.

B. ***Website Notice.*** The Claims Administrator will establish and maintain a Settlement Website dedicated to the Settlement, on which will be posted the Website Notice, Claim Form, a copy of this Agreement, the Preliminary Approval Motion and Order, and the operative Complaint, the Motion for an award of Attorneys' Fees and Expenses. These documents shall be available on the Settlement Website promptly following entry of the Preliminary Approval Order and remain until after the stale date of the Settlement Awards. The Settlement Website shall also provide for online submission of Claim Forms and will also allow Settlement Class Members to update their contact information. The Claims Administrator shall secure the URL *TrashCallSettlement.com* for the Settlement Website, or, if unavailable, shall secure another URL mutually agreed upon by the Parties or determined by the Court.

C. ***800 Number/IVR/Telephone Claims.*** The Claims Administrator will establish and maintain an 800 number that will answer questions concerning this Agreement and allow Settlement Class Members to request a written claim form or use their Claim ID to make a claim via telephone.

## VIII.   CAFA NOTICE

1.    Pursuant to 28 U.S.C. §1715(b), Defendants shall provide CAFA Notice to the appropriate governmental authorities no later than the end of the ten (10) day period provided by CAFA. Unless otherwise ordered, this Settlement shall be deemed "filed" pursuant to 28 U.S.C. §1715(b) upon entry of the Preliminary Approval Order.

## IX.   OPT-OUT PROCESS

1.    A Settlement Class Member who wishes to exclude himself or herself from this Settlement, and from the Release pursuant to this Settlement, shall submit a written Opt-Out Request to the Claims Administrator at the address designated in the Notice no later than the

Claim Filing/Objection Deadline. Opt-Out Requests must: (i) be timely submitted by the Claim Filing/Objection Deadline; (ii) be signed by the person in the Settlement Class who is requesting to be excluded from the Settlement Class; (iii) include the name and address of the person in the Settlement Class requesting exclusion; and (iv) include a statement or words to the effect of the following: "I request to be excluded from the settlement in the Iverson TCPA action, and understand that by doing so I will not be entitled to receive any of the benefits from the settlement." No person in the Settlement Class, or any person acting on behalf of or in concert or participation with that person in the Settlement Class, may exclude any other person in the Settlement Class from the Settlement Class.

2.      The Claims Administrator shall maintain a list of persons who have submitted Opt-Out Requests and shall provide such list to the Parties upon written request.

## X.      OBJECTION PROCESS

1.      A Settlement Class Member who wishes to object to any matter concerning the Settlement must notify the Court and the parties' counsel of his or her objection, in writing, on or before the Claim Filing/Objection Deadline, or other deadline set by the Court.

2.      To state a valid objection to the Settlement, an objecting Settlement Class Member must personally sign the objection and provide the following information with it:  (i) full name, current address, and current telephone number; (ii) documentation sufficient to establish membership in the Settlement Class; (iii) a statement of reasons for the objection, including the factual and legal grounds for the objector's position; and (iv) copies of any other documents the objecting Settlement Class Member wishes to submit in support of his/her/its position.

3.      Subject to approval of the Court, an objecting Settlement Class Member may, but does not need to, appear in person or by counsel at the Final Approval Hearing. To do so, the objecting Settlement Class Member must file with the Court, and serve on all counsel designated in the Notice, a notice of intention to appear by the Claim Filing/Objection Deadline, or other deadline set by the Court. The notice of intention to appear must include copies of any papers, exhibits, or other evidence that the objecting Settlement Class Member (or his/her/its counsel) will present to the Court in connection with the Final Approval Hearing. Unless otherwise ordered by the Court, Any Settlement Class Member who does not timely provide a notice of intention to appear in conformance with the requirements set out in the Notice and Website Notice, and who has not timely filed an objection in accordance with the requirements set out in the Notice and Website Notice, will be deemed to have waived any objection to the Settlement and can be barred from presenting any views at the Final Approval Hearing.

## XI.      DISTRIBUTION PROCESS

1.      The timing of Defendants' payment of the Settlement Funds is:

A.  Within 14 days after the Court enters the Preliminary Approval Order, Defendants shall transfer the Notice and Administration Costs to the Claims Administrator. In the event that the Settlement Effective Date does not occur, any amounts actually used by the Claims Administrator for notice and administration shall not be refundable to Defendants. If, however, Defendants have paid monies for Notice and Administration Costs which

have not been used by the Claims Administrator, those amounts not used by the Claims Administrator shall be refunded to Defendants.

B.    Within 14 days after the Settlement Effective Date, Defendants shall pay the remainder of the Settlement Funds to the Claims Administrator. Class Counsel shall instruct the Claims Administrator as to whom the Attorneys' Fees and Litigation Expenses and any Settlement Class Representative Incentive Payment should be distributed. Defendants shall not, under any circumstances or for any reason, be obligated to pay any amounts in addition to the Settlement Funds in connection with the Settlement.

2.    ***Settlement Award Payments.***  Settlement Awards shall be paid by check or electronic deposit at the election of the class member. Within thirty (30) days after the Settlement Effective Date, the Claims Administrator shall send the Settlement Award to each eligible Settlement Class Member who timely submits a completed Claim Form. The Claims Administrator shall undertake reasonable means to locate current addresses for all returned checks. Checks will be valid for one-hundred twenty (120) days from the date on the check. The amounts of any checks that remain uncashed more than one-hundred twenty (120) days after the date on the check will be included as part of a Subsequent Distribution (as defined below).

3.    ***Subsequent Distribution.***  If, after the expiration date of the checks distributed pursuant to Section XI.2 above, there remains money in the Settlement Fund sufficient to pay at least $5.00 to each Settlement Class Member who cashed their initial Settlement Award check or accepted their initial Settlement Award deposit, that remaining money will be distributed on a *pro rata* basis to those Settlement Class Members who cashed their initial Settlement Award checks or accepted their initial Settlement Award deposits (the "Subsequent Distribution"). The Subsequent Distribution shall be made within ninety (90) days after the expiration date of the checks distributed pursuant to Section XI.2 above, and shall be paid in the same manner as the original Settlement Award. Checks issued pursuant to the Subsequent Distribution will be valid for one-hundred twenty (120) days from the date on the check. If there is not enough money to pay at least $5.00 to each Settlement Class Member who cashed their initial Settlement Award check or accepted their initial Settlement Award deposit, or if any checks or deposits from the subsequent distribution remain uncashed after the 120-day stale date, those funds shall be distributed at Defendants' direction.

## XII.    RELEASE

1.    Subject to the Court's final approval of the Settlement, and for good and valuable consideration set forth herein, the receipt and sufficiency of which is hereby acknowledged, all Releasing Settlement Class Members irrevocably release, acquit, and forever discharge Defendants and the other Released Parties, of and from any and all claims, rights, causes of action, liabilities, or other obligations (other than obligations imposed by this Agreement) of any kind, whether known or unknown, that were asserted in the Action, or that could have been asserted in the Action based on the facts alleged in the First Amended Class Action Complaint (ECF 30), including, but not limited to, claims arising under the TCPA or similar statute or law, whether, federal, state, or local, or which concern the use of any automatic telephone dialing system, pre-recorded voice, or similar device (the "Released Claims").

2.     Releasing Settlement Class Members understand and agree that the release of the Released Claims is a full and final release. Releasing Settlement Class Members acknowledge the facts could be different than they now know or suspect to be the case, but they are nonetheless releasing all Released Claims. In exchange for the good and valuable consideration set forth herein, all Releasing Settlement Class Members further waive any and all rights or benefits that they as individuals or as Settlement Class Members may now have as a result of the alleged facts, circumstances, and occurrences underlying the claims set forth in the Action under the terms of Section 1542 (a) of the California Civil Code (or similar statute in effect in any other jurisdiction), which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH DEBTOR.

3.     Subject to the Court's final approval of the Settlement, and for good and valuable consideration set forth herein, the receipt and sufficiency of which is hereby acknowledged, Defendants, and all other Released Parties fully and irrevocably release, acquit, and forever discharge Plaintiff of and from any and all claims, rights, causes of action, liabilities, or other obligations (other than obligations imposed by this Agreement) of any kind, whether known or unknown.

4.     The Parties acknowledge that this Settlement, including the release provided in this Section, reflects a compromise of disputed claims.

5.     The Final Approval Order shall dismiss the Action with prejudice and shall incorporate the terms of this release.

## XIII.   DUTIES OF THE PARTIES WITH RESPECT TO OBTAINING PRELIMINARY APPROVAL

1.     Class Counsel shall apply to the Court for the entry of an order requesting the following relief:

A.  Preliminarily approving the Settlement;

B.  Conditionally certifying the Settlement Class for settlement purposes in accordance with applicable legal standards and this Agreement;

C.  Approving the form and content the proposed Notice, and plan for its distribution;

D.  Scheduling a fairness hearing on the question of whether the proposed Settlement should be finally approved as fair, reasonable, and adequate;

E.  Formally appointing Class Counsel as class counsel;

F.  Approving Plaintiff as Settlement Class Representative;

G. Approving KCC as Claims Administrator; and

I. Setting the Claim Filing/Objection Deadline, Notice Deadline, and Opt Out Period.

## XIV.   DUTIES OF PARTIES FOLLOWING PRELIMINARY COURT APPROVAL

1.      Following Preliminary Approval of the Settlement, and no later than the filing of the motion for final approval, Class Counsel will submit a proposed Final Approval Order in substantially the form attached hereto as <u>Exhibit 2</u>, except as otherwise required by the Court.

## XV.   MUTUAL FULL COOPERATION

1.      The Parties agree to cooperate fully with each other to accomplish the terms of this Settlement, including but not limited to execution of all necessary documents, and to take such other action as may be needed to implement the terms of this Settlement. The Parties shall use their best efforts, including all efforts contemplated by this Settlement and any other efforts that may become necessary by order of the Court or otherwise, to effectuate the terms of this Settlement. As soon as practicable after Execution of this Settlement, Class Counsel shall, with the reasonable assistance and cooperation of Defendants and their counsel, take all reasonable and necessary steps to secure the Court's Final Approval Order.

## XVI.   CONDITIONS FOR TERMINATING THE AGREEMENT

1.      In the event that this Settlement is not approved, or if for any reason the Settlement Effective Date does not occur, the Settlement Agreement shall be deemed null, void, and unenforceable and shall not be used nor shall it be admissible in any subsequent proceedings either in this Court or in any other judicial, arbitral, administrative, investigative, or other court, tribunal, forum, or other proceeding, and the Parties shall return to their respective positions prior to the Court's consideration of this Settlement. However, the parties may agree to seek approval of an amended version of the Settlement.

2.      In the event that the Court does not approve the Attorneys' Fees and Litigation Expenses in the amount requested by Class Counsel, or in the event that the Attorneys' Fees and Litigation Expenses requested by Class Counsel is reduced, that finding shall not be a basis for rendering the entire Settlement Agreement null, void, or unenforceable.  Class Counsel retains their right to appeal any decision by the Court regarding the Attorneys' Fees and Litigation Expenses.

3.      In the event that more than 500 persons in the Settlement Class validly and timely submit Opt-Out Requests, Defendants, in their sole and absolute discretion, may terminate this Agreement.

## XVII.  SIGNATORIES' AUTHORITY

1.      The respective signatories to this Agreement each represent that they are fully authorized to enter into this Settlement on behalf of the respective Parties for submission to the Court for preliminary and final approval.

## XVIII.  NO PRIOR ASSIGNMENTS

1.      The Parties represent, covenant, and warrant that they have not directly or indirectly, assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action, or right released and discharged in this Settlement.

## XIX.   NOTICES

1.      Unless otherwise specifically provided herein, all notices, demands, or other communications given hereunder shall be in writing and shall be deemed to have been duly given:  (i) on the date given, if given by hand delivery; (ii) within one (1) business day, if sent by overnight delivery services such as Federal Express or similar courier; (iii) on the third business day after mailing by United States registered or certified mail, return receipt requested, or (iv) on the day received for delivery by e-mail. All notices given under this Agreement shall be addressed as follows:

A. To the Class:

> Keith J. Keogh
> Michael S. Hilicki
> Keogh Law, LTD.
> 55 W. Monroe St., Ste. 3390
> Chicago, IL 60603
> keith@keoghlaw.com
> mhilicki@keoghlaw.com

B. To Defendants

> Rik Tozzi
> Burr Forman, LLP
> 420 North Twentieth Street, Suite 3400
> Birmingham, AL 35203
> rik.tozzi@burr.com

> Cynthia Burnside
> 1180 West Peachtree Street, N.W.
> Suite 1800
> Atlanta, GA 30309
> cynthia.burnside@hklaw.com

## XX.    MISCELLANEOUS PROVISIONS

1.      ***Construction***.  The Parties agree that the terms and conditions of this Settlement are the result of lengthy, intensive arms-length negotiations between the Parties and that this agreement shall not be construed in favor of or against any party by reason of the extent to which any party or his or its counsel participated in the drafting it.

113799                                    -13-

2.      ***Captions and Interpretations***. Paragraph titles or captions contained in this Agreement are a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Settlement or any provision of this Agreement. Each term of this Agreement is contractual and not merely a recital.

3.      ***Modification***.  This Agreement may not be changed, altered, or modified, except in a writing signed by the Parties. Any such modification is subject to Court approval.

4.      ***Integration Clause***.  This Agreement, the exhibits hereto, and any other documents delivered pursuant hereto contain the entire agreement between the Parties relating to the resolution of the Action, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a Party or such Party's legal counsel, are merged in this Agreement. No rights under this Settlement may be waived except in writing and signed by the Party against whom such waiver is to be enforced.

5.      ***Binding on Assigns***.  This Settlement shall be binding upon, and inure to the benefit of, the Parties and their respective heirs, trustees, executors, administrators, successors, and assigns.

6.      ***Counterparts***.  This Agreement may be executed by facsimile signature and in any number of counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one and the same Agreement, which shall be binding upon and effective as to all Parties.

7.      ***Disagreements***.  The Parties agree the Court shall resolve any disagreements over the meaning or implementation of this Agreement or the Settlement.

8.      ***Applicable Law***.  This Agreement shall be governed by Florida law without regard to its choice of law or conflicts of law principles or provisions.

**REMAINDER OF THIS PAGE LEFT INTENTIONALLY BLANK**

ACCEPTED AND AGREED:

_____
Jed Iverson

05/12/2021
_____
Date

APPROVED AS TO FORM:

_____
Counsel for Plaintiff and the Class
Keith Keogh
KEOGH LAW, LTD.

05/13/21
_____
Date

ACCEPTED AND AGREED:

_Courtney Tippy_
Advanced Disposal Services, Inc.
By: *Courtney Tippy*
Title: *Vice President and Secretary*

_May 13, 2021_
Date

_Courtney Tippy_
Advanced Disposal Services Solid
Waste Midwest, LLC
By: *Courtney Tippy*
Title: *Vice President and Secretary*

_May 13, 2021_
Date

APPROVED AS TO FORM:

_Cynthia G. Burnside_
Counsel for Defendants
Rik Tozzi
Burr Forman, LLP

_____May 14, 2021_____
Date

# EXHIBIT 1

*Iverson v. Advanced Disposal Services, Inc., et al.*
**USDC, Middle District of Florida, Jacksonville Division Case No. 3:18-cv-867-BJD-JBT**

_____, Claims Administrator          Toll-Free Number: **x-xxx-xxx-xxxx**
PO Box [_____]                                 Website: www.TrashCallSettlement.com
[_____]

**<<mail id>>**
**<<Name1>>**
**<<Name2>>**
**<<Address1>>**
**<<Address2>>**
**<<City>><<State>><<Zip>>**

## CLAIM FORM

**TO RECEIVE BENEFITS FROM THIS SETTLEMENT, YOU MUST PROVIDE
ALL OF THE INFORMATION BELOW AND YOU MUST SIGN THIS CLAIM FORM.  IF THIS CLAIM FORM IS
SUBMITTED ONLINE, YOU MUST SUBMIT AN ELECTRONIC SIGNATURE.**

**YOUR CLAIM FORM MUST BE SUBMITTED ON OR BEFORE _____, 2021.**

1. **CLAIMANT INFORMATION:**

_____    _____    _____
FIRST NAME                 MIDDLE NAME        LAST NAME

_____
ADDRESS 1

_____
ADDRESS 2

_____    _____    _____  -  _____
CITY                                                STATE       ZIP          (optional)

_____    _____
TELEPHONE NUMBER (optional)                 E-MAIL ADDRESS (if applicable)

_____
PRIOR TELEPHONE NUMBER(S) BETWEEN MARCH 1, 2016 AND NOVEMBER 20, 2020 (optional)

2. **AFFIRMATION:**

By signing below, I declare, that the information above is true and accurate. This Claim Form may be researched and verified by the Claims Administrator.

Signature: _____

Name (please print): _____

Date: _____

**QUESTIONS? VISIT www.TrashCallSettlement.com OR CALL [_____] or Class Counsel
at 866.726.1092.**

# EXHIBIT 2

**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

JED B. IVERSON, INDIVIDUALLY AND
ON BEHALF OF ALL SIMILARLY
SITUATED INDIVIDUALS,

       Plaintiff,

v.                                 NO.:  3:18-CV-00867-BJD-JBT

ADVANCED DISPOSAL SERVICES, INC.,
and ADVANCED DISPOSAL SERVICES SOLID
WASTE MIDWEST, LLC

       Defendants.

_____/

**[PROPOSED] ORDER GRANTING
FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

      The Court having held a final approval hearing on _____, 2021, notice of the

hearing and the Settlement having been duly given in accordance with this Court's order (1)

preliminarily approving Settlement, (2) certifying the Settlement Class, (3) approving notice plan

and (4) setting the final approval hearing, and having considered all matters submitted at the final

approval hearing and otherwise, and finding no just reason for delay in entry of this final order

      It is hereby ORDERED, ADJUDGED AND DECREED as follows:

      1.      The Settlement Agreement dated May ___, 2021, including its Exhibits (the

"Agreement"), and the definition of words and terms contained therein, are incorporated by

reference and are used hereafter. The terms and definitions of this Court's Preliminary Approval

Order (ECF No.___) are also incorporated by reference into this Final Approval Order.

      2.      This Court has federal question jurisdiction over the subject matter of this case

pursuant to the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA"), personal

1

112434

jurisdiction over Defendants Advanced Disposal Services, Inc. and Advanced Disposal Services Solid Waste Midwest, LLC (collectively "ADS"), and the Settlement Class Members, certified in the Court's preliminary approval order, who did not timely request exclusion.

3.     Court hereby finds that the Agreement is the product of arm's length settlement negotiations between Plaintiff and ADS, supervised by a well-qualified JAMS mediator, the Honorable Morton Denlow.

4.     The Court hereby finds Notice of the Settlement was disseminated to persons in the Settlement Class in accordance with the Court's preliminary approval order, was the best notice practicable under the circumstances, and that the Notice satisfied Federal Rule 23 and due process.

5.     [There were no objections to the Agreement] [*or*] [For the reasons stated on the record, as well as the reasons set forth in Plaintiff's and ADS's submissions, the Court overrules all objections to the Agreement.]

6.     The Court hereby finally approves the Agreement, finding it fair, reasonable and adequate as to all members of the Settlement Class in accordance with Federal Rule 23.

7.     The Court hereby finally certifies the Settlement Class for settlement purposes. The Court finds for settlement purposes that the Settlement Class satisfies all the requirements of Federal Rule 23.

8.     The Court hereby approves the plan of distribution for the Settlement Fund as set forth in the Agreement. The Claims Administrator is hereby ordered to comply with the terms of the Agreement with respect to satisfaction of claims, and any remaining funds.

9.     As of the Effective Date, the Plaintiff and every Settlement Class Member hereby releases all Released Parties from the Released Claims, as stated in the Agreement.

10.    Class Counsel have moved, pursuant to FED. R. CIV. P. 23(h) and 52(a), for an award of attorneys' fees and reimbursement of expenses. Pursuant to Federal Rules 23(h)(3) and 52(a) this Court makes the following findings of fact and conclusions of law:

(a)    The Settlement confers substantial benefits on the members of the Settlement Class;

(b)    The value conferred on the Settlement Class is immediate and readily quantifiable, in that members of the Settlement Class who submitted valid and timely claims will receive cash payments that represent a significant portion of the damages available to them were they to prevail in an individual action under the TCPA;

(c)    Class Counsel vigorously and effectively pursued the Settlement Class Members' claims before this Court in this complex case;

(d)    the Settlement was obtained as a direct result of Class Counsel's advocacy;

(e)    the Settlement was reached following extensive negotiations between Class Counsel and Counsel for ADS, supervised by a well-qualified JAMS mediator, and was negotiated in good-faith and without collusion;

(f)    members of the Settlement Class were advised in the Notice approved by the Court that Class Counsel intended to apply for an award of attorneys' fees equal to a third of the Settlement Funds in the amount of $_____, plus expenses, to be paid from the Settlement Funds;

(g)    a copy of Plaintiff's motion for an award of attorneys' fees and expenses and any incentive award was made available for inspection in the Court's

file and on the settlement website during the period class members had to submit any objections;

(h)     only _____ member(s) of the Settlement Class submitted written objection(s) to the award of attorneys' fees and expenses;

(i)     counsel who recover a common fund for the benefit for persons other than themselves for their client are entitled to recover a an attorneys' fee from the fund as a whole. In the Eleventh Circuit, "it is well established that when a representative party has conferred a substantial benefit upon a class, counsel is entitled to an allowance of attorneys' fees based upon the benefit obtained." *In re Checking Acct. Overdraft Litig.*, 830 F. Supp.2d 1330, 1358 (S.D. Fla. 2011), citing *Camden I Condo Ass'n v. Dunkle*, 946 F.2d 768, 771 (11th Cir. 1991) and *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980). The Eleventh Circuit endorses using the factors articulated *Johnson v. Georgia Highway Expr., Inc.*, 488 F.2d 714 (5th Cir. 1974), to confirm the reasonableness of the award in excess of 25%. *See Camden I Condo. Ass'n*, 946 F.2d at 775. The *Johnson*/*Camden I* factors are (1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney; (5) the customary fee; (6) whether the fee is contingent; (7) the time limitations imposed; (8) the amount involved and results obtained; (9) the experience, reputation and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Camden I*, 946 F.2d at 772, n.3. These factors confirm the reasonableness of the proposed fee award

here. Accordingly, Class Counsel are hereby awarded $_____ for

attorney fees and $_____ for reimbursed expenses from the Settlement

Funds, which the Court finds to be fair and reasonable, and which amount shall be

paid to Class Counsel from the Settlement Fund in accordance with the terms of the

Agreement.

11.    [Pending review of *Johnson v. NPAS*] The Class Representative, Jed B. Iverson, is

hereby compensated in the amount of $_____ for his efforts in this case.

*See*, *e.g.*, *Cooper v. NelNet, Inc.*, 14-cv-314-RBD-DAB, ECF No. 85, p.5, ¶11 (M.D. Fla. Aug. 4,

2015) ($25,000 incentive award); *Gevaerts v. TD Bank, N.A.*, No. 14-cv-20744-RLR, 2015 U.S.

Dist. LEXIS 150354, *25-*26 (S.D. Fla. Nov. 5, 2015) ($10,000 incentive awards to two sets of

plaintiffs), *citing Spicer v. Chi. Bd. of Options Exchange, Inc.*, 844 F.Supp. 1226, 1267-68 (N.D.

Ill. 1993) (collecting cases approving incentive awards ranging from $5,000 to $100,000, and

approving $10,000 for each plaintiff); *Legg v. Lab. Corp. of Am. Holdings*, No. 14-61543-RLR,

2016 U.S. Dist. LEXIS 122695 (S.D. Fla. Feb. 18, 2016) ($10,000, in a FACTA case); *Legg v.

Spirit Airlines, Inc.*, No. 14-cv-61978-JIC, ECF No. 151, ¶16 (S.D. Fla.) ($10,000 each to two

plaintiffs, in a FACTA case); and *Muransky v. Godiva Chocolatier, Inc.*, No. 15-cv-60716-WPD,

2016 U.S. Dist. LEXIS 133695, *11 (S.D. Fla. Sept. 28, 2016) ($10,000, in a FACTA case). This

award shall be paid from the Settlement Fund in accordance with the Agreement.

12.    This Court hereby dismisses this case with prejudice, except the Court retains

jurisdiction to supervise the administration of the Settlement, enforce the Agreement, and resolve

any disputes relating to the same.

**IT IS SO ORDERED,
ADJUDGED AND DECREED.**


Dated: _____        _____
                                                              Honorable Brian J. Davis

# EXHIBIT 3

# NOTICE OF CLASS ACTION LAWSUIT AND PROPOSED SETTLEMENT
### THE COURT AUTHORIZED THIS NOTICE. THIS IS NOT A SOLICITATION FROM A LAWYER.

### *Iverson v. Advanced Disposal Services, Inc., et al.*
### USDC, Middle District of Florida, Jacksonville Division Case No. 3:18-cv-867-BJD-JBT

### YOU MAY BE ENTITLED TO RECEIVE MONETARY COMPENSATION.

| | |
|---|---|
| **What is this?** | This is notice of a Proposed Settlement in a class action lawsuit. |
| **What is this lawsuit about?** | The Settlement would resolve a lawsuit brought on behalf of a putative class of individuals, alleging Advanced Disposal Services, Inc., and Advanced Disposal Services Solid Waste Midwest, LLC., (collectively "Advanced Disposal"), violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") by making prerecorded calls to cell phones without the prior express consent of Plaintiff or the putative class members. Advanced Disposal denies these allegations and any wrongdoing. The Court has not ruled on the merits of Plaintiff's claims or Advanced Disposal's defenses. |
| **Why am I getting this notice?** | You were identified as someone who may have received one of these calls based on Advanced Disposal's records. |
| **What does the Settlement provide?** | Advanced Disposal agreed to pay up to $3,500,000 in Settlement Funds, which will pay for the cost of notice and administration of the settlement, Settlement Class members' claims, attorneys' fees and expenses incurred by counsel for Plaintiff and the Settlement Class ("Class Counsel"), and any service award for Plaintiff |

112408

|  | permitted by law. Class Counsel estimates that a Settlement Class member who submits a valid and timely claim form ("Claim Form") may receive a cash award of between $_____ to $_____. Plaintiff will petition for a service award not to exceed $_____ for Plaintiff's work in representing the Class and Class Counsel's fees up to one third of the settlement fund, not to exceed $1,166,666, plus reasonable expenses. |
|---|---|
| **How can I receive a payment from the Settlement?** | To receive payment, you must complete and submit a valid Claim Form by _____, 2021. You can obtain and submit a Claim Form online at www.TrashCallSettlement.com. You can also make a claim by phone or obtain a mail-in Claim Form by calling _____. Mail-in Claim Forms must be sent to the Settlement Administrator at the address below. |
| **Do I have to be included in the Settlement?** | If you do not want monetary compensation from this Settlement and you want to keep the right to sue, or continue to sue Advanced Disposal on your own, then you must exclude yourself from the Settlement by sending a letter to the address below requesting exclusion to the Settlement Administrator by _____, 2021. The letter must contain the specific information set forth on the Settlement Website "Opt-Out Process." |
| **If I don't like something about the Settlement, how do I tell the Court?** | If you do not exclude yourself from the Settlement, you can object to any part of the Settlement. You must file your written objection with the Court by _____, 2021, and mail a copy to both Class Counsel and defense counsel. Your written objection |

|  | must contain the specific information set forth on the Settlement Website. |
|---|---|
| **What if I do nothing?** | If you do nothing, you will not be eligible for a payment. But you will still be a Settlement Class member and bound by the Settlement, and you will release Advanced Disposal from liability. |
| **How do I get more information about the Settlement?** | This notice contains limited information about the Settlement. For more information, to view additional Settlement documents, and to review information regarding your opt-out and objection rights and the final approval hearing, visit www.TrashCallSettlement.com. You can also obtain additional information, a long form notice or Claim Form by calling _____. |

Advanced Disposal TCPA SETTLEMENT
[INSERT CLAIMS ADMIN]
[INSERT CLAIMS ADMIN ADDRESS]

[CLAIM ID IN DIGITS]
[CLAIM ID IN 2D BARCODE]
Postal Service: Please Do Not Mark or Cover Barcode

[FIRST1] [LAST1]
[BUSINESSNAME]
[ADDR1] [ADDR2]
[CITY] [ST] [ZIP]

# EXHIBIT 4

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JED B. IVERSON, INDIVIDUALLY AND
ON BEHALF OF ALL SIMILARLY
SITUATED INDIVIDUALS,

       Plaintiff,

v.                                                                NO.:  3:18-CV-00867-BJD-JBT

ADVANCED DISPOSAL SERVICES, INC.,
and ADVANCED DISPOSAL SERVICES SOLID
WASTE MIDWEST, LLC

       Defendants.
_____/

**[PROPOSED] ORDER  CERTIFYING SETTLEMENT CLASS, PRELIMINARILY
APPROVING CLASS ACTION SETTLEMENT, AND APPROVING NOTICE PLAN**

This matter came before the Court on Plaintiff's Motion for Preliminary Approval of the

proposed class action settlement (the "Settlement"). This case was brought by plaintiff Jed B.

Iverson ("Iverson" or "Plaintiff"), individually and on behalf of all others similarly situated,

against defendants Advanced Disposal Services, Inc., and Advanced Disposal Services Solid

Waste Midwest, LLC. (collectively "ADS"). Based on this Court's review of the Settlement

Agreement ("Agreement"), Plaintiff's Motion for Preliminary Approval of Settlement, and the

arguments of counsel, THE COURT HEREBY FINDS AND ORDERS AS FOLLOWS:

      1.      <u>Settlement Terms</u>. Unless otherwise defined herein, all terms in this Order shall

have the meanings ascribed to them in the Agreement.

      2.      <u>Jurisdiction</u>. The Court has federal question jurisdiction over the case pursuant

to the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

- 1 -

3.      Preliminary Approval of Proposed Agreement. The Court has conducted a preliminary evaluation of the Settlement as set forth in the Agreement. Based on this preliminary evaluation, the Court finds that: (a) the Agreement is fair, reasonable and adequate, and within the range of possible approval; (b) the Agreement has been negotiated in good faith at arm's length between experienced attorneys familiar with the legal and factual issues of this case, and supervised by a well-qualified JAMS mediator, the Honorable Morton Denlow; and (c) the proposed forms and method of distributing notice of the Settlement to the Settlement Class are appropriate and warranted. Therefore, the Court grants preliminary approval of the Settlement.

4.      Class Certification for Settlement Purposes Only. The Court, pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for purposes of this Settlement only, certifies the following Settlement Class:

> The owners of the 27,364 unique cellular telephone numbers: (1) ADS obtained from a third party, according to its TRUX records, (2) with whom there is no contract listed in its TRUX records, and (3) who were called to collect a debt via ADS's Five9 system between March 1, 2016 and Nov 20, 2020 using a pre-recorded voice message, according to ADS's Five9 records.

> The following are excluded from the Settlement Class: (1) the district and magistrate judges presiding over this case; (2) the judges of the Eleventh Circuit; (3) the immediate families of the preceding person(s); (4) any Released Party; (5) any Settlement Class Member who timely opts out of this Action; and (6) Class Counsel, their employees, and their immediate families.

5.      In connection with granting class certification, the Court makes the following preliminary findings:

(a)      The Settlement Class includes owners of the 27,364 unique cellular telephone numbers above, and thus the class is so numerous joinder of all members is impracticable;

- 2 -

112436

(b)    There appear to be questions of law or fact common to the Settlement Class for purposes of determining whether the Settlement should be approved, including, but not limited to, whether ADS made prerecorded voice calls to the Settlement Class members, and whether those calls violated the TCPA, and these questions appear to predominate over any alleged individual questions;

(c)    Plaintiff's claims appear to be typical of the claims of the Settlement Class because he alleges ADS called his cellular number using prerecorded voice messages;

(d)    Plaintiff and his counsel are adequate to represent the class. Plaintiff appears to have the same interests as the Settlement Class, he does not have any apparent conflict of interest with the Settlement Class, and his attorneys have extensive experience litigating class action cases, including class actions under the TCPA;

(e)    Certification of the Settlement Class is the superior method for fairly and efficiently resolving the claims of the Settlement Class.

6.    <u>Class Representative</u>. The Court appoints Plaintiff Iverson as representative of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure.

7.    <u>Class Counsel</u>.    The Court appoints Keith J. Keogh, Michael Hilicki, Christopher Martineau, and Max Story as Class Counsel pursuant to Rule 23 of the Federal Rules of Civil Procedure.

8.    <u>Settlement Claims Administrator</u>. Kurtzman Carson Consultants, LLC ("KCC") is hereby appointed as the Claims Administrator. The Claims Administrator shall be responsible for providing notice of the Settlement ("Notice") to the Settlement Class as provided in the Agreement and this Order, as well as services related to administration of the Settlement.

112436

9.    Class Notice. The Class Administrator shall provide Notice via First Class Mail in accordance with the Agreement, with a reminder notice via email to Settlement Class Members for whom it has email contact information.

10.    Claims, Opt-Outs, and Objections. Persons in the Settlement Class who wish to submit a claim to receive the Settlement's benefits, or object to the Settlement, or request exclusion from the Settlement Class, must do so in accordance with the Notice and Claim Form. A class member who opts out may not also submit a valid claim or objection, unless the class member confirms their intent to withdraw their opt-out in writing by no later than the opt-out deadline.

11.    Claims Administrator to Maintain Records. The Claims Administrator shall maintain copies of all claims, objections, and opt-outs received. The Claims Administrator shall provide copies of all objections and opt-outs to the parties.

12.    Objections to the Settlement. Any Settlement Class Member who wishes to be heard orally at the Final Approval Hearing, or who wishes for any objection to be considered, must file a written notice of objection in accordance with the Notice, Agreement, and this Order. To be considered, the objection: (A) must be personally signed by the objecting class member, (B) it must include (i) the class member's full name, current address, and current telephone number; (ii) documentation sufficient to establish membership in the Settlement Class; (iii) a statement of reasons for the objection, including the factual and legal grounds for the objector's position; and (iv) copies of any other documents the objecting Settlement Class Member wishes to submit in support of his/her/its position, and (C) it must be filed with the Court and sent to Plaintiff's and Defendant's counsel as stated in the Notice, by no later than

- 4 -

the Claim, Opt-Out, and Objection deadline stated below. Objections that are untimely or do not include the required information above shall be deemed waived.

13.    Appearing at Final Approval Hearing. An objecting Settlement Class Member does not need to appear in at the Final Approval Hearing, but may do so by filing a notice of intention to appear in accordance with the Notice, Agreement, and this Order no later than the Claim, Opt-Out, and Objection deadline below.

14.    Reasonable Procedures to Effectuate the Settlement. Unless otherwise ordered by the Court, the parties are authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with this Order or the Agreement, including making minor changes to the form or content of the Notice or exhibits to the Agreement they agree are reasonable and necessary.

15.    Final Approval Hearing.  At the date and time provided below, or at such other date and time later the Court sets, this Court will hold a Final Approval Hearing on the fairness, adequacy and reasonableness of the Agreement and to determine whether (a) final approval of the Settlement embodied by the Agreement should be granted, and (b) Class Counsel's application for an award of attorneys' fees and expenses, and any service award to Plaintiff, should be granted, and in what amounts. The hearing shall be held in Room 12C, 12th Floor, United States Courthouse, 300 North Hogan Street, Jacksonville, Florida 32202, or such other location as the Court may order. The Court may also order the hearing to take place remotely via Zoom or such other remote communication system as the Court may direct.

16.    For the purposes of giving the notice required by 28 U.S.C. §1715(b) ("CAFA"), the Settlement is deemed filed as of the date of this order.

17.     Plaintiff shall file his motion in support of Class Counsel's application for attorneys' fees and expenses, and any service award, no later than the Notice Deadline below.

18.     Plaintiff shall file his: (a) motion in support of final approval of the Settlement; (b) response to any objections to the Settlement, no later than the date stated for the same in the Schedule of Events below.

19.     <u>Schedule of Events</u>. Based on the foregoing, the Court hereby orders the resolution of this matter shall proceed on the following schedule:

| | |
|---|---|
| **_____, 2021**<br><br>[14 days after the date of this Order] | Deadline for the Claims Administrator to send notice to the Settlement Class in accordance with the Agreement and this Order (Notice Deadline) |
| **_____, 2021**<br><br>[Same as Notice Deadline] | Deadline Plaintiff to file his Motion for Attorneys' Fees and Expenses, and any Incentive Award |
| **_____, 2021**<br><br>[60 days after Notice Deadline] | Deadline for any member of the Settlement Class to submit a claim, request exclusion from the Settlement, or object to the Settlement in accordance with the and Notice and this Order (Claim, Opt-Out, and Objection Deadline) |
| **_____, 2021**<br><br>[21 days after the Opt-Out, Objection, and Claim Deadline] | Deadline Plaintiff to file:<br><br>(1) Motion and memorandum in support of final approval, including proof of class notice; and<br>(2) Response to any objections. |
| **_____, 2021 at ____ _.m.**<br><br>[Court's Convenience] | Final Approval Hearing |

IT IS SO ORDERED.

Dated:_____          _____
                                       Hon. Brian J. Davis
                                       United States District Judge

- 6 -

112436

EXHIBIT 5

*Iverson v. Advanced Disposal Services, Inc., et al.*
**USDC, Middle District of Florida, Jacksonville Division**
**Case No. 3: 18-cv-867-BJD-JBT**

**If you received calls on your cell phone from Advanced Disposal Services, Inc. or Advanced Disposal Services Solid Waste Midwest, LLC. (collectively "Advanced Disposal"), you may be entitled to benefits under a class action settlement.**

*A federal court authorized this Notice. This is not a solicitation from a lawyer.*

- **A proposed settlement will provide $3,500,000.00 (the "Settlement Funds") to fully settle and release claims of individuals:**

  **The owners of the 27,364 unique cellular telephone numbers: (1) Advanced Disposal obtained from a third party, according to its TRUX records, (2) with whom there is no contract listed in its TRUX records, and (3) who were called to collect a debt via Advanced Disposal's Five9 system between March 1, 2016 and Nov 20, 2020 using a pre-recorded voice message, according to Advanced Disposal's Five9 records.**

  **The following are excluded from the Settlement Class: (1) the district and magistrate judges presiding over this case; (2) the judges of the Eleventh Circuit; (3) the immediate families of the preceding person(s); (4) any Released Party; (5) any Settlement Class Member who timely opts out of this Action; and (6) Class Counsel, their employees, and their immediate families.**

- **Advanced Disposal denies Plaintiff's allegations and deny any wrongdoing whatsoever. The Court has not ruled on the merits of Plaintiff's claims or ADS's defenses. By entering into the settlement, Advanced Disposal has not conceded the truth or validity of any of the claims against it.**

- **The Settlement Funds shall be used to pay amounts related to the settlement, including awards to Settlement Class members who submit a valid and timely claim form to receive payment ("Claim Form"), attorneys' fees and costs to attorneys representing Plaintiff and the Settlement Class ("Class Counsel"), any service award for Plaintiff and the costs of notice and administration of the settlement. Class Counsel estimate that Settlement Class members who timely submit a valid Claim Form will receive between $____ and $____ ("Initial Settlement Award Checks"), depending on the number of valid claims received. Any monies remaining in the Settlement Fund after the Initial Settlement Award Checks are distributed and the expiration date has passed will be distributed on a *pro rata* basis to those Settlement Class Members who cashed their Initial Settlement Award Checks (the "Subsequent Distribution"), so long as the amount to be distributed is at least $5.00 per class member. The Subsequent Distribution shall be made within ninety (90) days after the expiration date of the Initial Settlement Award Checks.**

- **Your rights and options, and the deadlines to exercise them, are explained in this Notice. Your legal rights are affected whether you act or do not act. Read this Notice carefully.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM** | If you submit a valid Claim Form postmarked by _____, 2021, you will receive a payment and will give up your rights to sue Advanced Disposal and any other released parties related to a released claim. Claim Forms may be submitted by mail to _____ or through the settlement website by clicking [here] or by calling _____ |
| **EXCLUDE YOURSELF OR "OPT-OUT" OF THE SETTLEMENT** | If you ask to be excluded, you will not receive a payment. This is the only option that allows you to pursue your own claims against Advanced Disposal or other released parties related to a released claim. The deadline for excluding yourself is _____, 2021. |
| **OBJECT TO THE SETTLEMENT** | If you wish to object to the settlement, you must write to the Court about why you believe the settlement is unfair in any respect. The deadline for objecting is _____, 2021. To obtain a benefit from this settlement, you must still submit a Claim Form. If you submit only an objection without a Claim Form, you will not receive any benefit from the settlement and you will give up your rights to sue Advanced Disposal or any other released parties related to a released claim. |
| **DO NOTHING** | If you do nothing, you will not receive any monetary award and you will give up your rights to sue Advanced Disposal or any other released parties related to a released claim. |
| **GO TO THE FINAL APPROVAL HEARING** | You may attend the Final Approval Hearing. At the Final Approval Hearing you may ask to speak in Court about the fairness of the settlement. To speak at the Final Approval Hearing, you must file a document which includes your name, address, telephone number and your signature with the Court, which must also state your intention to appear at the Final Approval Hearing. This must be filed no later than _____, 2021 |

- These rights and options—and the deadlines to exercise them—are explained in this Notice.

- The Court in charge of this case still has to decide whether to approve the settlement. Payments (*i.e.,* Settlement Award Checks) will be disbursed if the Court approves the settlement and after any appeals are resolved. Please be patient.

112412

## BASIC INFORMATION

**1.  What is the purpose of this Notice?**

The purpose of this Notice is to inform you that a proposed Settlement has been reached in the putative class action lawsuit entitled *Iverson v. Advanced Disposal Services, Inc., et. al.,* filed in the USDC, Middle District of Florida, Jacksonville Division, Case No. 3: 18-cv-00867-BJD-JRK Because your rights will be affected by this Settlement, it is extremely important that you read this Notice carefully. This Notice summarizes the settlement and your rights under it.

**2.  What does it mean if I received an email or postcard about this settlement?**

If you received an email or postcard describing this settlement, it is because Advanced Disposal's records indicate that you *may* be a member of the Settlement Class**.** The members of the Settlement Class include:

> The owners of the 27,364 unique cellular telephone numbers: (1) Advanced Disposal obtained from a third party, according to its TRUX records, (2) with whom there is no contract listed in its TRUX records, and (3) who were called to collect a debt via Advanced Disposal's Five9 system between March 1, 2016 and Nov 20, 2020 using a pre-recorded voice message, according to ADS's Five9 records.

Excluded from the Settlement Class are: (1) the district and magistrate judges presiding over this case; (2) the judges of the Eleventh Circuit; (3) the immediate families of the preceding person(s); (4) any Released Party; (5) any Settlement Class Member who timely opts out of this Action; and (6) Class Counsel, their employees, and their immediate families.

**3.  What is this class action lawsuit about?**

In a class action, one or more people called Class Representatives (here, Plaintiff, Jed B. Iverson) sue on behalf of people who allegedly have similar claims. This group is called a class and the persons included are called class members. One court resolves the issues for all of the class members, except for those who exclude themselves from the class.

Here, Plaintiff claims Advanced Disposal violated the Telephone Consumer Protection Act ("TCPA") by placing prerecorded calls to cellular telephones without prior express consent. Advanced Disposal denies these allegations and denies any wrongdoing. The Court has conditionally certified a class action for settlement purposes only. The Honorable Brian J. Davis is in charge of this action.

**4.  Why is there a settlement?**

The Court did not decide in favor of Plaintiff or Advanced Disposal. Instead, the parties agreed to this settlement. This way, the parties avoid the risk and cost of a trial, and the Settlement Class members will receive compensation. Plaintiff and Class Counsel think the settlement is best for all persons in the Settlement Class.

112412

## WHO IS IN THE SETTLEMENT CLASS?

**5.  How do I know if I am a part of the settlement class?**

The Court has certified a class action for settlement purposes only. The Settlement Class is defined as:

> The owners of the 27,364 unique cellular telephone numbers: (1) Defendants obtained from a third party, according to its TRUX records, (2) with whom there is no contract listed in its TRUX records, and (3) who were called to collect a debt via Advanced Disposal's Five9 system between March 1, 2016 and Nov 20, 2020 using a pre-recorded voice message, according to Defendants' Five9 records.

A "Settlement Class Member" is any person in the Settlement Class who is not validly excluded from the Settlement Class. If you are still not sure whether you are included, you can visit other sections of the Settlement Website, www.TrashCallSettlement.com, you may write to the claims administrator at Advanced Disposal TCPA Settlement, c/o _____, or you may call the Toll-Free Settlement Hotline, 1-_____, for more information.

## THE LAWYERS REPRESENTING YOU

**6.  Do I have lawyers in this case?**

The Court has appointed the law firms of Keogh Law, Ltd., Johnston|Martineau, P.L.L.P., and Max Story Law as Class Counsel to represent you and the other persons in the Settlement Class. You will not be personally charged by these lawyers.

**7.  How will Class Counsel be paid?**

Class Counsel will ask the Court to approve payment of up to one third of the Settlement Fund, or $1,166,666, for attorneys' fees, plus reasonable expenses. Class Counsel also will ask the Court to approve payment of $_____ to Plaintiff for his services as Class Representative if permitted by law. The Court may award less than these amounts.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

**8.  What does the settlement provide?**

**Settlement Fund**. Advanced Disposal will pay $3,500,000 into a fund (the "Settlement Funds"), which will cover:  (1) cash payments to Settlement Class Members who submit timely and valid Claim Forms; (2) an award of attorneys' fees and expenses to Class Counsel in an amount equal to one third of the settlement fund, plus expenses, as approved by the Court; (3) service award to the Plaintiff, Jed B. Iverson, in an amount not to exceed $_____, if permitted by law and approved by the Court; and (4) the costs of notice and administration of the Settlement.

112412

**Cash Payments**.  All Settlement Class Members are eligible to submit a Claim Form and receive a cash payment. To submit a Claim Form, follow the procedures described under Question 11 below. Any money remaining in the Settlement Fund after paying all valid and timely claims to Settlement Class Members ("Claimants"), attorneys' fees and costs to Class Counsel, any service award to Plaintiff, and the costs of notice and administration of the settlement will be distributed on a *pro rata* basis to those Settlement Class Members who cashed their Initial Settlement Award Check, so long as the amount to be distributed per Claimant is at least $5.00. Any subsequent distribution will be made within ninety (90) days after the expiration date of the Initial Settlement Award Check has passed.

## 9.  How much will my payment be?

Your share of the Settlement Fund will depend on the number of valid Claim Forms that Settlement Class Members submit. Class Counsel estimates that the amount of the cash award (while dependent upon the number of claims) may be within the range of $_____ to $_____. **This is an estimate only. The final cash payment amount will depend on the total number of valid and timely claims submitted by Settlement Class Members.**

## 10.  What am I giving up to stay in the Settlement Class?

Unless you exclude yourself from the settlement, you will be part of the Settlement Class and will be bound by the release of claims in the settlement. This means that if the settlement is approved, you cannot rely on any Released Claim to sue, or continue to sue, Advanced Disposal or other Released Parties, on your own or as part of any other lawsuit, as explained in the Settlement Agreement. It also means that all of the Court's orders will apply to you and legally bind you. Unless you exclude yourself from the Settlement, you will agree to release Advanced Disposal and all other Released Parties, as defined in the Settlement Agreement, from any and all claims that arise from the prerecorded calls to your cellular telephone at issue in this action.

In summary, the Release includes all claims of any kind, whether known or unknown, that were asserted in the Action, or that could have been asserted in the Action based on the facts alleged in Plaintiff's First Amended Class Action Complaint, including, but not limited to, claims arising under the TCPA or similar statute or law, whether, federal, state, or local, or which concern the use of any automatic telephone dialing system, pre-recorded voice, or similar device.

If you have any questions about the Release or what it means, you can speak to Class Counsel, listed under Question 6, for free; or, at your own expense, you may talk to your own lawyer. The Release does not apply to persons in the Settlement Class who timely exclude themselves.

### HOW TO OBTAIN A PAYMENT

## 11.  How can I get a payment?

To receive a payment, you must timely submit a properly completed Claim Form. You may get a Claim Form on the Settlement Website: www.TrashCallSettlement.com, or by calling the Toll-Free Settlement Hotline, 1-_____. **Read the instructions carefully, fill out the form completely and accurately, sign it and submit by the deadline**. A Claim Form may be submitted by mail to the claims administrator at: Advanced Disposal TCPA Settlement, c/o _____, or via the Settlement Website [click here]. To be deemed timely,

Claim Forms must be submitted via the Settlement Website, 800- number, or postmarked prior to or on the last day of the Claim Filing Deadline, which is _____, 2021.

## WHEN WILL I RECEIVE MY SETTLEMENT PAYMENT?

### 12.  When would I receive a settlement payment?

The Court will hold a hearing on _____, 2021 to decide whether to approve the Settlement.  If the Court approves the Settlement, after that, there may be appeals. It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year. Everyone who sends in a Claim Form will be informed of the progress of the settlement through information posted on the Settlement Website at www.TrashCallSettlement.com. Please be patient.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

### 13.  How do I get out of the settlement?

If you want to keep the right to sue, or continue to sue ADS or a Released Party, as defined in the Settlement Agreement, then you must take steps to get out of the Settlement Class. This is called excluding yourself from, or opting-out of, the Settlement Class.

A Settlement Class Member who wishes to exclude himself or herself from this Settlement, and from the Release pursuant to this Settlement, shall submit a written Opt-Out Request to the Claims Administrator at the address designated in the Notice no later than the Claim Filing/Objection Deadline. Opt-Out Requests must: (i) be timely submitted by the Claim Filing/Objection Deadline; (ii) be signed by the person in the Settlement Class who is requesting to be excluded from the Settlement Class; (iii) include the name and address of the person in the Settlement Class requesting exclusion; and (iv) include a statement or words to the effect of the following: "I request to be excluded from the Advanced Disposal TCPA Settlement, and understand that by doing so I will not be entitled to receive any of the benefits from the settlement." No person in the Settlement Class, or any person acting on behalf of or in concert or participation with that person in the Settlement Class, may exclude any other person in the Settlement Class from the Settlement Class.

**To be valid, you must mail your exclusion request postmarked no later than _____, 2021 to the claims administrator at ADS TCPA Settlement, c/o _____.**

### 14.  If I do not exclude myself, can I sue Advanced Disposal for the same thing later?

No. If you do not exclude yourself, you give up any right to sue (or continue to sue) Advanced Disposal or any Released Parties for the claims that this settlement resolves.

112412

**15.  If I exclude myself, can I get a benefit from this settlement?**

No. If you exclude yourself, you will not be able to submit a Claim Form for a settlement payment and you cannot object to the settlement.

## OBJECTING TO THE SETTLEMENT

**16.  How do I tell the Court that I do not think the settlement is fair?**

If you are in the Settlement Class, you can object to the settlement or any part of the settlement that you think the Court should reject, and the Court will consider your views. If you do not provide a written objection in the manner described below, you shall be deemed to have waived any objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the settlement, or the award of any attorneys' fees and expenses, and/or any proposed service award.

To object, you must make your objection in writing, stating that you object to the Settlement. To be considered by the Court, the written objection must personally sign the objection and provide the following information with it: (i) full name, current address, and current telephone number; (ii) documentation sufficient to establish membership in the Settlement Class; (iii) a statement of reasons for the objection, including the factual and legal grounds for the objector's position; and (iv) copies of any other documents the objecting Settlement Class Member wishes to submit in support of his/her/its position.

**To be considered, you must file your objections with the Court and mail your objections to the addresses below no later than _____, 2021.**

For Plaintiff:                                    For Defendants:

Michael S. Hilicki                         Cynthia G. Burnside
Keogh Law, Ltd.                           Holland & Knight LLP
55 Monroe St., 3390                     1180 West Peachtree Street, N.W.
Chicago, IL 60603                        Atlanta, Georgia 30309

**Even if you timely and properly object, to obtain a benefit from this settlement, you must submit a Claim Form. If you object but fail to submit a Claim Form, you will not receive any monetary award.**

**17.  What is the difference between objecting and excluding yourself?**

Objecting is telling the Court that you do not like something about the settlement. You can object only if you stay in the Settlement Class. Excluding yourself means that you do not want to be part of the Settlement Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

## IF YOU DO NOTHING

**18.  What happens if I do nothing at all?**

If you do nothing, you will not receive any monetary award and you will give up your rights to sue Advanced Disposal or any other Released Parties related to a Released Claim. For information relating to what rights you are giving up, see Question 10.

## THE FINAL APPROVAL HEARING

**19.  When and where will the Court decide whether to approve the settlement?**

The Court will hold a Final Approval Hearing at ____:00 a.m. on _____, 2021 in Room 12C, 12th Floor, at  United States Courthouse, 300 North Hogan Street, Jacksonville, FL 32202. At this hearing, the Court will consider whether the settlement is fair, reasonable and adequate. If there are valid objections that comply with the requirements in Question 16 above, the Court also will consider them and will listen to people who have asked to speak at the hearing. The Court may also decide how much to pay to Class Counsel and Plaintiff.

The Final Approval Hearing may be moved to a different date or time without additional notice, so it is a good idea to check the Settlement Website for updates.

**20.  Do I have to come to the hearing?**

No. Class Counsel will appear on behalf of the Settlement Class. But, you are welcome to come, or have your own lawyer appear, at your own expense.

**21.  May I speak at the hearing?**

You may ask the Court for permission to speak at the Final Approval Hearing, but only in connection with an objection that you have timely submitted to the Court according to the procedure set forth in Question 16 above. To speak at the Final Approval Hearing, you must also file a document with the Court stating your intention to appear. For this document to be considered, it must include your name, address, telephone number and your signature. The document must be filed with the Court no later than _____, 2021. You cannot speak at the hearing if you exclude yourself from the settlement.

## GETTING MORE INFORMATION

**22.  How do I get more information?**

This notice is only a summary of the proposed settlement. You can get a copy of the settlement agreement by visiting the Settlement Website, www.TrashCallSettlement.com, or you can write to the address below or call the Toll-Free Settlement Hotline, _____.  You can also call Class Counsel with any questions at 866.726.1092.

**DO NOT CALL OR WRITE TO THE COURT, THE CLERK OF THE COURT, ADVANCED DISPOSAL SERVICES, INC., ADVANCED DISPOSAL SERVICES SOLID WASTE MIDWEST OR ADVANCED DISPOSAL'S COUNSEL ABOUT THE SETTLEMENT. ALSO, TELEPHONE REPRESENTATIVES WHO ANSWER CALLS**

**MADE TO THE TOLL-FREE NUMBER ARE NOT AUTHORIZED TO CHANGE THE
TERMS OF THE SETTLEMENT OR THIS NOTICE.**

112412